PEOPLE *v.* ELLISON

CRIMINAL LAW—PLEA OF GUILTY—TRUTH OF PLEA—SUFFICIENCY.

A plea of guilty of statutory rape was not infirm where the trial court examined the defendant before accepting his plea and elicited answers that defendant was pleading guilty because he was guilty, that he had the opportunity to discuss the charge with his attorney so that he knew what the elements of the crime are, that he had had sexual intercourse with a girl twice, and that he knew, through his counsel, that she had been under the age of 16 years when the offense occurred.

Appeal from Genesee, Donald R. Freeman, J. Submitted Division 2 September 29, 1970, at Detroit. (Docket No. 9,485.) Decided October 30, 1970.

REFERENCE FOR POINTS IN HEADNOTE
21 Am Jur 2d, Criminal Law §§ 486, 488.

Carl Ellison was convicted, on his plea of guilty, of statutory rape. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Robert F. Leonard,* Prosecuting Attorney, and *Donald A. Kuebler,* Assistant Prosecuting Attorney, for the people.

*William A. Shaheen, Jr.,* for defendant on appeal.

Before: J. H. GILLIS, P. J., and BRONSON and O'HARA,* JJ.

O'HARA, J. Defendant entered a plea of guilty to the charge of statutory rape, MCLA § 750.520 (Stat Ann 1954 Rev § 28.788). From his conviction on the plea, defendant appeals of right.

He was originally charged on an information with both kidnapping and statutory rape. It was alleged that he and two others had picked up a 14-year-old girl and had sexual relations with her. He stood mute as to both charges at the arraignment but later he entered a plea of guilty to Count I, charging statutory rape.

We set forth what transpired before the court accepted his plea of guilty and the court's examination of the defendant after the plea was entered.

*"The Court:* Now, Mr. Ellison, Count I, as you know, is statutory rape.
*"Defendant Ellison:* Yes.
*"The Court:* And, you have understood everything that I have told all of you gentlemen up to this moment?
*"Defendant Ellison:* Yes.

\*    \*    \*

---

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23, as amended in 1968.

*"The Court:* \* \* \* And, are you pleading guilty because you are guilty of statutory rape?

*"Defendant Ellison:* Yes.

*"The Court:* And, you have had the opportunity of discussing this with your attorney so that you know what the elements of that charge are?

*"Defendant Ellison:* Yes.

\* \* \*

*"The Court:* \* \* \* And, then, what happened then?

*"Defendant Ellison:* And, then, so, we had sexual relationship.

*"The Court:* Who did?

*"Defendant Ellison:* Me.

*"The Court:* And, where did you do this in the car?

*"Defendant Ellison:* In the back seat.

\* \* \*

*"The Court:* And, then, what happened?

*"Defendant Ellison:* And then I got back and had one.

*"The Court:* And, you went back a second time?

*"Defendant Ellison:* Yes.

\* \* \*

*"The Court:* \* \* \* And, you know this girl, through your counsel, to be under the age of 16 years at the time that the offense occurred, isn't that correct?

*"Defendant Ellison:* Yes."

If there is any infirmity in this plea of guilty, it is impossible to plead guilty effectively in this state.

The appeal is totally without merit.

Affirmed.

All concurred.